**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SARAH PATRICIA MONTIEL ROMERO,<br><br>Petitioner,<br><br>v.<br><br>FRED FIGUEROA, *et al.*,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-1922-D |

**ORDER**

Petitioner Sarah Patricia Montiel Romero filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of Venezuela who entered the United States in 2021. On June 16, 2026, Petitioner was detained by the U.S. Immigration and Customs Enforcement (ICE). Petitioner is currently detained at the Diamondback Correctional Facility in Watonga, Oklahoma. Petitioner is detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A), and her removal proceedings are ongoing.

In her petition, Petitioner contends that her detention violates the Immigration and Nationality Act (INA) because § 1225(b)(2)(A) does not apply to individuals like Petitioner who previously entered and are now residing in the United States. Petitioner also asserts that her detention violates her due process rights. Petitioner requests immediate release from custody or, alternatively, that Respondents provide a bond hearing under § 1226(a).

Respondents filed a Response in Opposition to the Petition for Writ of Habeas Corpus [Doc. No. 7]. In it, Respondents notify the Court that—two days after filing her

habeas petition—Petitioner received a custody redetermination hearing before an Immigration Judge. *Id.* at 2. According to the Immigration Judge's order, "[a]fter full consideration of the evidence presented," the Immigration Judge denied a change in custody status because Petitioner's "pending DWI and applications for relief based on country conditions in Venezuela which have changed since [Petitioner's] entry into the US make her a danger to the public and a flight risk." [Doc. No. 7-3, at 3].

Given that Petitioner has now had a bond hearing before an Immigration Judge, Respondents assert that Petitioner's habeas petition should be denied as moot. In her Reply [Doc. No. 10], Petitioner acknowledges that she received a bond hearing before an Immigration Judge. *Id.* at 2. However, because she requested immediate release or a bond hearing *where the government has the burden of proof*, Petitioner argues that her petition is not moot. *Id.*

Upon consideration, the Court agrees with Respondents that Petitioner's petition is moot because she has received a bond hearing before an Immigration Judge. *See Bravo Carrera v. Figueroa*, No. CIV-26-1064-J, 2026 WL 2521851, at *1 (W.D. Okla. Aug. 26, 2026) (finding petition moot where "Petitioner was entitled to a bond hearing under 8 U.S.C. § 1226(a) and that bond hearing has occurred."). The undersigned has repeatedly concluded that the proper remedy for similar habeas petitioners is a bond hearing under § 1226(a), without shifting the burden to the government. *See Munoz Escobar v. Mullin*, No. CIV-26-1291-D, 2026 WL 3270063, at *2 (Oct. 30, 2026) ("[B]ecause there is an absence of a statutory mandate or binding precedent requiring burden shifting, the Court declines to alter the burden of proof."); *see also Santillan Quiroz v. Mullin*, 180 F.4th 1226

(10th Cir. 2026) (directing the district court to order the government to provide the petitioner a bond hearing within 7 days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a).").

Further, although Petitioner requests immediate release, the Court finds that Petitioner "has not alleged or provided evidence that [she] was previously detained and released under an IJ's bond or any other provision now warranting immediate release." *Pozo-Cespedes v. Mullin*, No. CIV-26-1434-G, Doc. No. 12, at *6 (R. & R.) (W.D. Okla. Sept. 22, 2026). Thus, because Petitioner has already received the relief provided under the INA, the petition is moot, and the Court declines to address Petitioner's remaining constitutional claims. *See Bravo Carrera*, 2026 WL 2521851, at *1 (adopting magistrate judge's conclusion that "[i]f no additional relief [beyond the statutory claim] would have been warranted, a constitutional decision would have been unnecessary and therefore inappropriate.").

For these reasons, the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **DENIED** as **MOOT**. A separate judgment shall be entered.

**IT IS SO ORDERED** this 24th day of November, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE